UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALLEN REED,

       Petitioner,

                              Case Number 12-15339

v.                                Honorable Thomas L. Ludington

PAUL KLEE,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE HABEAS PETITION WITHOUT PREJUDICE, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Petitioner Allen Reed, a state prisoner at West Shoreline Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's plea-based convictions and sentence of five to twenty years for two drug offenses. Petitioner appears to allege that his guilty plea was uninformed, that his trial and appellate attorneys were ineffective, and that he was denied his right to appointment of counsel on appeal. Respondent Paul Klee argues persuasively in a motion to dismiss the petition that Petitioner did not exhaust state remedies for his claims by raising them in both the Michigan Court of Appeals and in the Michigan Supreme Court. The motion to dismiss is granted and the habeas petition is dismissed without prejudice.

**I**

On November 9, 2010, Petitioner pleaded guilty in Alcona County Circuit Court to one count of delivery of 50 to 449 grams of cocaine in violation of Mich. Comp. Laws § 333.7401(2)(a)(iii), and one count of possession with intent to deliver 50 to 449 grams of cocaine in violation of Mich.

Comp. Laws § 333.7401(2)(a)(iii). In return, the prosecutor agreed to dismiss one count of possession with intent to deliver marijuana and one count of possession with intent to deliver Vicodin. There was no sentencing agreement, and on January 11, 2011, the trial court sentenced Petitioner to imprisonment for five to twenty years.

On appeal, Petitioner argued that it was an abuse of discretion for the trial court to deny his request for appointment of appellate counsel. On March 16, 2012, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Reed*, No. 308125 (Mich. Ct. App. Mar. 16, 2012). Petitioner did not pursue an appeal in the Michigan Supreme Court. *See* ECF No. 10-5 (Corbin R. Davis's affidavit stating that Michigan Court of Appeals number 308125 has not been appealed to the Michigan Supreme Court).

Although Respondent maintains that Petitioner did not file any post-appeal motions, the state trial court's docket indicates that Petitioner filed a motion for relief from judgment on March 4, 2013, and that the trial court denied his motion on March 7 or 8, 2013. Petitioner apparently did not appeal the trial court's order.

Meanwhile, Petitioner signed and dated his habeas corpus petition on November 27, 2012, and on December 5, 2012, the Clerk of this Court received and filed the petition. The grounds for relief read:

> I.   Conviction was obtained unlawfully, it was uninformed at best[.] There was a plea deal placed on the record and it was not honored.
>
> II.  Ineffective assistance of counsel at all levels; trial counsel was retained and the remaining actions were in pro per.
>
> III. Denied counsel during appeals - ineffective assistance.

Respondent argues in his motion to dismiss the petition that Petitioner did not exhaust state

remedies for these claims. Petitioner has not filed a reply to Respondent's motion.

## II

The doctrine of exhaustion of state remedies requires state prisoners to fairly present all their claims to the state court before raising their claims in a federal habeas corpus petition. *See* 28 U.S.C. §§ 2254(b)(1) and 2254(c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999); *Nali v. Phillips*, 681 F.3d 837, 851 (6th Cir. 2012). The exhaustion requirement is satisfied if a prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court, "when that review is part of the ordinary appellate review procedure in the State." *O'Sullivan*, 526 U.S. at 845, 847. This means that a habeas petitioner must present each issue to the state court of appeals and to the state supreme court. *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009) (citing *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990) (citing *Winegar v. Corr. Dep't*, 435 F. Supp. 285, 289 (W.D. Mich. 1977)). "It is the petitioner's burden to prove exhaustion." *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)). "Although the exhaustion doctrine is not a jurisdictional matter, *Rockwell v. Yukins*, 217 F.3d 421, 423 (6th Cir. 2000), it is a threshold question that must be resolved before [courts] reach the merits of any claim." *Wagner v. Smith*, 581 F.3d at 415 (citing *Harris v. Lafler*, 553 F.3d 1028, 1031 (6th Cir. 2009)).

On direct appeal, Petitioner argued in the Michigan Court of Appeals that the trial court abused its discretion by denying his request for appellate counsel. Petitioner appears to be raising the same issue in his habeas petition. Claim three reads: "denied counsel during appeals - ineffective assistance." This issue is unexhausted because Petitioner did not raise it in the Michigan Supreme Court.

The first and second habeas claims allege that Petitioner's plea was uninformed and that his attorneys were ineffective. These claims are unexhausted because Petitioner did not raise them in either the Michigan Court of Appeals or in the Michigan Supreme Court. None of the pending claims were raised in both the Michigan Court of Appeals and in the Michigan Supreme Court. Consequently, Petitioner has not satisfied his burden of proving that he exhausted state remedies by raising his claims at all levels of state court review.

### III

Accordingly, it is **ORDERED** that Respondent's motion to dismiss (ECF No. 9) is **GRANTED**.

It is further **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED** without prejudice to whatever remedies Petitioner may still have.[1]  The Court declines to say whether a future habeas petition would be barred by the one-year statute of limitations, 28 U.S.C. § 2244(d), or by some other procedural default.

It is further **ORDERED** that a certificate of appealability is **DENIED** because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or whether the Court's procedural ruling is correct. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It is further **ORDERED** that Petitioner may not proceed *in forma pauperis* on appeal if he

---

[1] The Court has been unable to determine whether Petitioner raised his habeas claims in his post-appeal motion for relief from judgment. If he did, he may still have a remedy to exhaust. He has six months from the denial of his motion for relief from judgment to file an application for leave to appeal in the Michigan Court of Appeals. Mich. Ct. R. 6.509(A). And if the Michigan Court of Appeals denies leave to appeal, Petitioner may apply for leave to appeal in the Michigan Supreme Court. Mich. Ct. R. 7.302.

appeals this opinion and order, because an appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Dated: September 16, 2013                                       s/Thomas L. Ludington
                                                                THOMAS L. LUDINGTON
                                                                United States District Judge

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail, and upon Allen Reed #263131, West Shoreline Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, MI 49444 by first class U.S. mail on September 16, 2013.

                                        s/Tracy A. Jacobs
                                        TRACY A. JACOBS